IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **RUFUS WRIGHT,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Civil Case No. 08-3361-CV-S-RED |
| ) | Crim. Case No. 03-3135-01-CR-S-RED |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

Now before the Court is Rufus Wright's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). Also before the Court is Wright's April 3, 2009 Motion to Supplement Petitioners' 28 U.S.C. § 2255 Pursuant to Rule 15(c) Based on this Court's Recent Order (#17). The Court has supplemented Mr. Wright's 28 U.S.C. § 2255 motion with the arguments contained in Wright's April 3, 2009 motion. Accordingly, the Court **GRANTS** Wright's motion to supplement (#17). However, after careful consideration, the Court **DENIES** Wright's 28 U.S.C. § 2255 motion (#1), including both the arguments Wright initially presented and the supplemental arguments presented by Wright in his April 3, 2009 motion.

## BACKGROUND

Wright was indicted on or about October 16, 2003. His indictment alleged that he conspired to distribute methamphetamine and possessed methamphetamine with intent to distribute. On August 3, 2005, a jury found Wright guilty of both counts in the indictment. The Court sentenced Wright to life imprisonment in January 2006. The Eighth Circuit affirmed Wright's conviction.

Wright filed a motion under 28 U.S.C. § 2255 on October 3, 2008. He argues that Darryl Johnson, his trial counsel, was ineffective because he failed to (1) challenge hearsay testimony,

(2) interview potential witnesses, (3) adequately cross-examine the Government's chemist or object to evidence introduced during her testimony, (4) object to most of the government's exhibits, or (5) challenge the prior convictions used to enhance his sentence. By supplemental motion filed on April 3, 2009, Wright also argues that (1) Johnson was ineffective because he failed to challenge certain jurors, and (2) the Court should have sustained Wright's pretrial motion for substitute counsel. Wright argues that Michelle Law, his appellate counsel, was ineffective because she failed to (1) present an argument regarding the admissibility of a phone call summary at trial, (2) present an argument regarding the admissibility of Wright's prior convictions at trial, and (3) comply with *Anders v. California*. Wright finally argues that if counsels' failures do not individually constitute ineffective assistance of counsel, their cumulative effect constitutes ineffective assistance of counsel.

## DISCUSSION

To establish an ineffective assistance of counsel claim, Wright must prove that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). The Court presumes counsel's conduct falls within the range of reasonable professional conduct. *Id.* at 688-89. To satisfy a showing of deficiency, a defendant must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, a defendant must show that there is a reasonable probability, but for counsel's unreasonable professional errors, the results of the proceeding would have been different. *See id.*

2

### *Wright's trial counsel was not ineffective, and the Court did not err in denying Wright's pretrial motion for substitute counsel.*

Wright argues that his trial counsel was ineffective for failing to challenge hearsay testimony before the grand jury and during the trial examinations of Trooper Sean Long and witness Michael Hankins.[1] Wright claims that such testimony violates his confrontation rights and the rules of evidence. "[T]here is no constitutional preclusion of the use of hearsay testimony in grand jury proceedings." *U.S. v. Rossbach*, 701 F.2d 713, 716 (8th Cir. 1983). "[T]he rules of evidence . . . are not applicable to federal grand jury proceedings." *U.S. v. Levine*, 700 F.2d 1176, 1179 (8th Cir. 1983). Accordingly, counsel was not ineffective for failing to challenge hearsay testimony that the grand jury may have considered.

Hearsay is an out of court statement used to prove the truth of the matter asserted. *U.S. v. Milk*, 345 F.3d 999, 1003 (8th Cir. 2003). There are many exclusions and exceptions to the hearsay rule. The Court has reviewed the transcripts of the trial examinations of Trooper Sean Long and witness Michael Hankins. The witnesses did not proffer objectionable hearsay that prejudiced Wright, and counsel was not ineffective for failing to challenge the testimony on hearsay grounds.

Wright argues that his trial counsel failed to interview Gary and Donna Larrimore, Darrell and Linda Cunningham, and other witnesses. The only evidence that counsel did not interview or try to interview these witnesses is Wright's self-serving statements speculating that his attorney made no efforts to contact potential witnesses. Moreover, Wright does not provide the Court with any explanation of what relevant evidence these witnesses would have provided. "To establish

---

[1]Wright also argues that his appellate counsel was ineffective for failing to argue that his confrontation rights were violated. The Court is not persuaded by this argument for the same reasons that it is not persuaded that trial counsel was ineffective for failing to object to statements that Wright claims were hearsay.

3

prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony would have probably changed the outcome of the trial." *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996). Wright has not met his burden on his allegations that counsel failed to interview potential witnesses.

Wright argues that his trial counsel failed to properly cross-examine the DEA chemist or object to evidence introduced when she testified. Wright does not set forth specific objections that should have been raised regarding the evidence introduced during the chemist's examination. Wright also does not set forth any specific topics on which the chemist should have been cross-examined. It is common practice for defense counsel to not cross-examine government chemists in drug cases. It is also common practice for counsel to stipulate to the admissibility of the type of exhibits introduced during the chemist's examination in this case. Counsel's decision not to sacrifice credibility with the jury by cross-examining the chemist or making futile objections to the exhibits introduced during the chemist's examination was a strategy decision. Strategy decisions by counsel are "virtually unchallengeable unless they are based on improper investigation." *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

Wright argues that his trial counsel failed to object to the majority of exhibits at trial. Wright does not specify what objections should have been made to the exhibits. He broadly argues that counsel must have been ineffective because he let in a lot of exhibits without objecting. Counsel is not ineffective if the objections a defendant argues should have been made are without merit. *Gray v. Bowerson*, 281 F.3d 749, 756 (8th Cir. 2002). Wright has not set forth meritorious objections to the exhibits.

4

Wright argues that his trial counsel failed to properly challenge use of his prior convictions at sentencing. Wright principally argues that his prior convictions under California's drug laws cannot be used to enhance his sentence because California's drug laws apply to possession of drugs with intent to distribute as well as ordinary possession of drugs, which is not prohibited under federal law. The facts surrounding the convictions at issue make it clear that Wright violated California's drug laws by possessing cocaine and offering it for sale. The Court was apprised of these facts at the sentencing hearing, and Wright offers no evidence contradicting these facts. Instead, Wright claims that his attorney was ineffective for failing to argue that California's drug laws were overbroad. This argument would not have resulted in a lower sentence, and Wright's counsel was not ineffective for failing to make the argument.

Wright argues in his supplemental brief that his trial counsel was ineffective because he failed to challenge certain jurors. Wright specifically mentions jurors 2, 8, 15, 22, 28, 30, and 38. The Court notes that there was nothing about the answers given by these potential jurors that would have supported a challenge for cause. Wright suggests that each of these jurors had identified a relationship with members of law enforcement. Wright acknowledges that each of these jurors also indicated they "would not be affected" by said relationship. Therefore, counsel was left with peremptory challenges which, between the Government and Wright's counsel were obviously used to remove all of the objected to jurors that were on the list except for jurors numbered 8 and 12. As for juror 8, Wright notes that her ex-husband was a law enforcement officer. Wright also notes that juror 12's uncle overdosed on prescription drugs. Counsel's decision not to use a peremptory strike on jurors 8 and 12 was a strategy decision of who to strike and who not to strike. Strategy decisions by counsel are "virtually unchallengeable unless they are based on improper investigation." *Link*

*v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

Wright finally argues in his supplemental brief that the Court erred by failing to grant Wright's pretrial motion for substitute counsel. On January 26, 2004, Wright filed a motion requesting substitute counsel. Magistrate Judge England granted the motion and appointed Mr. Johnson to replace Nancy Price as Wright's attorney. On July 1, 2005, Wright filed another motion to substitute counsel. Judge England addressed the motion at a pretrial conference on July 13, 2005. Wright informed Judge England that he wanted to proceed with his current counsel, so Judge England denied Wright's motion. Wright filed a third motion requesting substitute counsel on July 29, 2005. The Court denied that motion and set forth its reasons for doing so in a written order dated August 1, 2005 and on the record on August 2, 2005, the morning of trial. In general, the Court denied the motion because it was not timely and because Wright did not demonstrate justifiable dissatisfaction, irreconcilable conflict, or a complete breakdown in communication with his appointed attorney. The Court will not reiterate the specific reasons for denying Wright's motion because those reasons have been fully and completely set forth elsewhere in the record. The Court has reviewed the August 1, 2005 order and August 2, 2005 transcript and determined that its decision to deny Wright's motion is not erroneous. The Court also notes that Wright waived this argument by failing to present it on appeal. *United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000). Had Wright presented this argument on appeal, it would have been reviewed for abuse of discretion. *See United States v. Armstrong*, 112 F.3d 342, 345 (8th Cir. 1997). The Court believes that it acted within its discretion by denying Mr. Wright's eleventh hour request for substitution of counsel.

### *Wright's appellate counsel was not ineffective.*

Wright argues that his appellate counsel was ineffective because she failed to argue that a summary of phone calls offered under F.R.E. 1006 should not have been admitted into evidence. Wright's trial attorney objected to testimony concerning the phone call summary because there was no testimony "to establish, number 1, that [Wright] had a cell phone, number 2, that he used any particular number." Wright's attorney did not object to the actual summary, he instead objected to the witness's testimony that Wright was part of the phone calls at issue. Had counsel objected to the summary, the Court would have overruled the objection because the summary properly summarized evidence that was in the record. Counsel was not ineffective for failing to present the trial objection on appeal because the testimony of Trooper Sean Long and Michael Hankins established that Wright used the cell phone number at issue. Moreover, counsel's decision to not present every possible argument on appeal and instead concentrate on the most meritorious arguments is a strategy decision that is "virtually unchallengeable." *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

Wright argues that his appellate counsel failed to argue that his prior convictions should not have been admitted at trial. Wright's prior convictions were properly admitted as proof of intent and knowledge under F.R.E. 404(b). Again, counsel's decision to not present this argument was a strategy decision, and strategy decisions by counsel are "virtually unchallengeable." *Id.*

Wright argues that his appellate counsel was ineffective for failing to comply with *Anders v. California*, 386 U.S. 738 (1967). Wright's argument lacks specifics, but it appears that he claims counsel simply offered too few arguments on appeal. Wright has not offered any

7

specific meritorious arguments that his attorney should have presented on appeal. Counsel's failure to offer additional arguments was reasonable and did not prejudice Wright. Moreover, counsel's decision to not cloud what she believed to be Wright's best argument on appeal with less persuasive arguments is a "virtually unchallengeable" strategy decision. *Id.*

***Counsel's alleged errors do not cumulatively constitute ineffective assistance of counsel.***

Wright finally argues that if counsels' alleged errors do not individually constitute ineffective assistance, their cumulative effect constitutes ineffective assistance. The Eighth Circuit has rejected the "cumulative effect" theory of ineffective assistance of counsel that Wright seeks to advance in this case. *Pryor v. Norris*, 103 F.3d 710, 714 (8th Cir. 1997). This Court is bound to follow Eighth Circuit precedent on this issue.

## CONCLUSION

Rufus Wright's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 15, 2009  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

8